| | | |
|---|---|---|
| 1 | **WO** | |
| 2 | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Sprute and Sue E Sprute, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> First American Title Insurance Co., a California corporation, <br><br> Defendant. | No. CV-09-2324-PHX-LOA <br><br> **ORDER** |

This Court has received notification that Plaintiffs Gary L. Sprute and Sue E. Sprute have filed a Petition in the United States Bankruptcy Court for the District of Arizona under Chapter 7 of the Bankruptcy Code (Case No. 2:10-bk-15174-RJH). See, Notice of Filing Bankruptcy, docket # 21, filed herein on June 3, 2010.

The filing of a bankruptcy petition creates an estate in bankruptcy. 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter) and § 541 (governing the property of a bankruptcy estate); *In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005). The property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Moreover, "prepetition causes of action . . . are assets included within the meaning of property of the estate." *Hernanadez v. Downey Sav. & Loan Ass'n, F.A.*, 2009 WL 704381, at * 3

(S.D.Cal. 2009) (citing *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001)). *See e.g., Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir. 1986).

Here, Plaintiffs filed suit in the Superior Court of Arizona, Maricopa County on September 30, 2009 and Defendant removed it to this District Court on November 4, 2009. (docket # 1 at 1, 3) Plaintiffs filed for Chapter 7 bankruptcy on May 17, 2010, in the United States Bankruptcy Court, District of Arizona petition Case No. 2:10-bk-15174-RJH. Plaintiffs' prepetition claims, which include those in this lawsuit, are therefore property of the bankruptcy estate. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). A bankruptcy trustee is the estate's representative, and has the capacity to sue and be sued. 11 U.S.C. § 323 (2009). "Because the bankruptcy trustee controls the bankruptcy estate, [s/he] is the real party in interest in the suits that belong to the estate." *Griffin v. Allstate Ins., Co.*, 920 F.Supp. 127, 130 (C.D.Cal. 1996). After filing a Chapter 7 bankruptcy petition, a debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing that petitioner's claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. *Cobb v. Aurora Loan Services, LLC*., 408 B.R. 351, 354 (E.D. Ca. 2009) (citing, among others, *Hernandez*, 2009 WL 704381, at * 5 and *Sierra Switchboard Co. v. Westinghouse Elec. Corp*., 789 F.2d 705, 708 (9th Cir. 1986)); Fed.R.Civ.P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

On the existing record, the Court cannot determine whether Plaintiffs' prepetition claims set forth in this action are exempt from the bankruptcy estate or whether this cause of action has been abandoned by the bankruptcy trustee. 11 U.S.C. § 522 (specifying the federal property exemptions available to debtors); 11 U.S.C. § 554(a) (stating that abandonment of bankruptcy estate property may occur by the trustee after notice to creditors and a hearing); 11 U.S.C. § 554(b) (stating that abandonment of bankruptcy estate property may occur on request of a party in interest after notice and a hearing); 11 U.S.C. § 554(c) (abandonment of bankruptcy estate property may occur when the case is closed and the trustee has not otherwise administered the property).

As discussed above, Plaintiffs are not the real parties in interest to this case as required by Fed.R.Civ.P. 17. The bankruptcy case reflects that David A. Birdsell is the Trustee in Plaintiffs' bankruptcy case. Thus, Plaintiffs must substitute or join Bankruptcy Trustee David A. Birdsell, or show the Trustee's ratification of this action, pursuant to Fed.R.Civ.P. 17(a) (3).[1] Alternatively, Plaintiffs may promptly amend their Complaint to allege their lawsuit is exempt from the bankruptcy estate or has been abandoned by the Bankruptcy Trustee. Plaintiffs must take the foregoing actions on or before **Monday, October 4, 2010** or their District Court case may be dismissed.

On the Court's own motion,,

**IT IS ORDERED** placing this case on inactive status until **Monday, October 4, 2010**.

**IT IS FURTHER ORDERED** that on or before **Monday, October 4, 2010**, Plaintiffs shall substitute or join the Bankruptcy Trustee, or show the Trustee's ratification of this lawsuit, pursuant to Fed.R.Civ.P. 17(a)(3); *or alternatively*, Plaintiffs shall amend their Complaint to allege the lawsuit is exempt from their bankruptcy estate or has been abandoned by the Bankruptcy Trustee.

**IT IS FURTHER ORDERED** that Plaintiffs' failure to comply with this Order may result in dismissal of this cause of action pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution.

Any party may ask the Court to schedule an informal status conference before the deadline expires to inform the Court what action, if any, has been undertaken in the Bankruptcy Court that would permit this case to proceed.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall use proper

---

[1] Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." *Id.* It also provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been for the real party in interest to ratify, join, or be substituted into the action." *Id.*

1 | capitalization in all future captions as mandated by LRCiv 7.1(a)(3).

2 | **IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of
3 | this Order to David A. Birdsell, Bankruptcy Trustee, P.O. 216 N. Center, Mesa, AZ
4 | 85201.

Dated this 7th day of June, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge